No. 47,076

EDDIE W. WEBB, *Appellant,* v. GLOBE CONSTRUCTION COMPANY and RELIANCE INSURANCE COMPANY, *Appellees.*

(518 P. 2d 419)

Opinion filed January 26, 1974.

*Hal B. Malone,* of Wichita, argued the cause, and *Harold H. Malone,* of Wichita, was with him on the brief for the appellant.

*Richard L. Honeyman,* of Kahrs, Nelson, Fanning, Hite and Kellogg, of Wichita, argued the cause, and *Gary A. Winfrey,* of the same firm, was with him on the brief for the appellees.

The opinion of the court was delivered by

PRAGER, J.: This is an appeal by the claimant in a workmen's compensation case. On July 29, 1968, the claimant-appellant, Eddie W. Webb, was injured in the course of his employment with the respondent-appellee, Globe Construction Company. The claimant, a cement finisher, slipped and fell on a steel form and injured his back. There is no question that he suffered a compensable injury. The examiner and director awarded compensation based upon a 27½% permanent partial disability. On appeal the district court found that claimant had suffered a permanent partial disability of 32½% and modified the award accordingly.

The testimony as to the nature and extent of claimant's disability was conflicting. The claimant, Webb, testified in substance that his back causes him continual pain and that he has trouble carrying out many of his daily activities. According to claimant he has trouble getting out of bed, bending over, tying his shoestrings, driving his car, and walking. He has to use a cane to keep the weight off of his right leg. The claimant's wife, Berniece Webb, described claimant's condition in much the same way. Dr. C. K. Wier, who performed a spinal fusion on claimant's back, testified that it was his opinion the claimant had a 25% to 30% permanent

partial disability. He did not believe that claimant could do heavy lifting from a stooped position, but that claimant could do light manual labor and 70% to 75% of what he ever did.

Dr. Robert C. Tinker found that claimant had back pain with muscle spasm and some restriction of movement in the right hip joint. He found negative neurological findings in the lower extremities and no evidence of weakness in claimant's legs. He rated Webb's disability at between 35% and 45% of the body as a whole on a functional basis. It was his opinion that claimant could not do heavy work but that he could perform light manual labor. The testimony of the doctors showed that claimant had suffered a previous injury to his back in 1960 which according to Dr. Wier could be the cause of some of claimant's present back pain.

There is also included in the record before the court surveillance movies taken of the claimant by Larry Womack, a photographer-investigator. These photographs show the claimant driving a car, filling his automobile with gas, bending over to put air in his automobile's tires, and carrying a sack of groceries on several occasions.

On this appeal the only point of error asserted by claimant is that the trial court failed to apply the correct standard in determining the extent of claimant's disability. In substance the claimant's position here is that the district court considered only the functional impairment resulting from claimant's back injury and erroneously failed to apply the proper test in determining claimant's permanent partial disability. We have held on a number of occasions that the correct standard for determining permanent partial disability of an injured workman is the extent to which his ability has been impaired to procure in the open labor market, and to perform and retain, work of the same type and character as he was able to perform before he was injured. (*Puckett v. Minter Drilling Co.*, 196 Kan. 196, 410 P. 2d 414; *Davis v. Winchester Packing Co.*, 204 Kan. 215, 460 P. 2d 617; *Elliott v. Rains & Williamson Oil Co.*, 213 Kan. 340, 516 P. 2d 1004.)

There is contained in the record the following narrative statement which is not disputed:

"'That during oral argument at the hearing before the court on May 16, 1972, counsel for claimant cited to the court the holdings of the cases decided by the Kansas Supreme Court to the effect that the criterion for determining the loss in earning capacity of an injured workman is the extent to which his ability has been impaired to procure in the open labor market, and to

perform and retain, work of the same type and character he was able to perform before he was injured.

"'Counsel for the respondent and insurance carrier acknowledged that to be the proper standard. The court agreed that that was the standard the court would apply in this case.'"

It is obvious that the proper standard for determining permanent partial disability was called to the court's attention and the trial court agreed that that was the standard the court would apply. There is no evidence to the contrary. Therefore if the award of the district court is supported by the evidence it must be upheld.

On the basis of the evidentiary record before us a trier of fact could reasonably have entered an award based upon a 32½% permanent partial disability. In reviewing the record to determine whether or not it contains substantial competent evidence to support the trial court's judgment, we are required to examine all the evidence in the light most favorable to the party prevailing below. If there is substantial competent evidence to support the judgment it must be affirmed even though the record discloses some evidence to the contrary. Applying this rule to the record before us we find that there is substantial competent evidence to support the judgment of the district court and its judgment is affirmed.